## ACKER v. COUNTY OF ANDERSON.

1. A county is not responsible for injuries to a mule and buggy, caused by the mule taking fright at a placard placed on a public bridge without the knowledge of the county commissioners, and removed by them so soon as it was brought to their attention.
2. *Doubted,* whether the county could have been held liable, even if the commissioners had allowed the placard to be posted, as, under the statute, action is given against the county for injuries only "through a defect in the repair of a highway, causeway or bridge."
3. The judge having charged upon the question of contributory negligence, his failure to state the doctrine more fully than he did, cannot be considered as error, no request so to charge having been made and the omission not being brought at the time to the judge's attention.
4. In his charge to the jury, the trial judge said: "Would a prudent man have driven his mule across the bridge with two ladies in his buggy, with the sign staring him in the face? Would a man of ordinary prudence have driven, or led, as Mr. B. said he did?" *Held,* not a charge on the facts within the meaning of the constitutional inhibition. *Article IV.,* § 26.

Before ALDRICH, J., Anderson, February, 1882.

Action by Joshua Acker against the county of Anderson. The charge to the jury was as follows:

The legislation on which the plaintiff relies to support his action is good law. It makes the taxpayers mutual insurers for the protection of persons and property. This is right. If injury is done to the citizen by the carelessness, negligence or ignorance of its officers, whom the people have elected to perform the duties required by law, the whole body of the people who elected him should be held responsible for his acts.

The first question you will have to consider is, Was this sign or advertisement a public inconvenience, and did the county commissioners know not only of its existence but of its tendency to frighten horses and mules passing on the bridge? Second. Did they have it removed as soon as it came to their knowledge? The commissioners are bound by law to keep the bridge in repair. Was it safe?

There is a feature in this case you are bound to consider before.

you make the county liable: Did the plaintiff by his own negligence contribute to this accident? Would a prudent man have driven his mule across the bridge, with two ladies in his buggy, with the sign staring him in the face? If you conclude that this plaintiff contributed by his own negligence to the accident, he cannot recover. Would a man of ordinary prudence have driven, or led, across the bridge, as Mr. Breazeale said he did?

You will bear in mind that the commissioners cannot keep a guard at each bridge to prevent ingenious persons from painting their signs and placards on the bridges spanning the streams of the county. They are not insurers against accident. Their duty is to keep the highways and bridges in repair so as to facilitate travel and commerce. If the bridge was in good repair, and the placard not sufficient to frighten good work animals in harness, the county has done all it was required to do. Bridges are not to be constructed so as to make them safe against vicious, fractious and obstinate horses and mules, but to secure safe travel for well-broken animals. If you conclude this "force-pump" placard was a nuisance well calculated to scare horses; that it was not removed when the county commissioners had it brought to their notice, and that the plaintiff did not by his own negligence and imprudence contribute to the accident, then you will determine what damage he has sustained and render your verdict accordingly.

As to all other matters, the opinion fully states the case.

*Mr. J. C. C. Featherston,* for appellant.

*Mr. B. F. Whitner,* contra.

March 8th, 1884. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. This was an action against the county of Anderson for damages to the plaintiff, in attempting to cross a public bridge over Rocky river, in said county. It seems that, in October, 1881, the plaintiff, with his daughter and granddaughter, in a buggy, was crossing the bridge when the mule drawing the buggy shied at an advertisement of a "force-pump," in large black letters, posted on the bridge. The mule

backed the buggy towards the edge of the bridge and the plaintiff and his daughter managed to get out, but, striking the railing of the bridge, the railing gave away, and the mule and buggy, with the granddaughter, went over and fell eighteen or twenty feet. The buggy was broken to pieces, and the mule so crippled that he died in a day or two. The complaint charged that the injury was caused by the unlawful and negligent act of the officers of the county, in permitting the placard to be placed and to remain posted upon the bridge, and in negligently failing to repair the defects in the railing of the bridge—claiming damage to the extent of $300. The answer denied all the material allegations of the complaint.

The cause came on for trial, and under the charge of Judge Aldrich, the jury found a verdict for the defendant. The plaintiff appeals to this court upon the following exceptions: " 1. Because it was error for his Honor to comment upon the facts by saying, ' Would a prudent man have driven his mule across the bridge with two ladies in his buggy, with the sign staring him in the face? If you conclude that the plaintiff contributed by his own negligence to the accident he cannot recover. Would a man of ordinary prudence have driven or led across the bridge, as Mr. Brazeale did?' 2. That it was error in his Honor to charge the proposition of contributory negligence when it was not charged in the answer, nor argued, and when under such general denial of negligence, evidence of contributory negligence was not admissible. 3. That if his Honor had the right to charge, he ought to have charged the whole of the doctrine and not a part thereof, and it was error to charge ' That if you think the plaintiff acted imprudently in driving his buggy across the bridge, instead of leading his mule, then the doctrine of contributory negligence will apply,' without charging further that the negligence on the part of the plaintiff to prevent a recovery must have been the immediate co-operative cause of the injury complained of. 4. That it was error on the part of his Honor to refuse the motion for a new trial when there was no evidence of contributory negligence, and, in fact, no evidence to support the verdict."

By the act of 1874, re-enacted in the general statutes as section 1087, it is provided that "Any person who shall receive bodily injury or damage in his person or property through a defect in the repair of a highway, causeway or bridge, may recover, in an action against the county, the amount of damages fixed by the finding of a jury," &c. This action was brought under this authority, and the only question was, whether the plaintiff's injury was received "through a defect in the repair" of Rocky river bridge. It appeared that the county commissioners had nothing to do with putting the placard on the bridge, which was placed there as a public place by some enterprising business man, intent on advertising the merits of the "force-pump," and that as soon as it was brought to their attention they had it taken down. If, therefore, any responsibility as to consequences arose out of the placard being on the bridge, it would seem not to attach to the county.

Even if the commissioners had allowed it to be placed there, it is more than doubtful whether the county could have been made liable. The only matter for which the act gives an action against the county is "a defect in the repair of a highway, causeway or bridge." If there was no defect in this bridge, there was no right of action against the county, and whether there was such a defect was a question of fact, which was submitted to the jury, upon what we must assume to have been a fair charge, as no complaint is made here on that point. The jury had to decide that there was a defect in the bridge before the question of contributory negligence could arise. It may be that they came to their conclusion on the main point, as to the alleged defect in the bridge ; and, if so, the secondary question of contributory negligence had nothing whatever to do with the case.

But, as the jury may possibly have reached the question of contributory negligence, we will consider it. All the exceptions relate to this subject. The second is abandoned. The third insists that the judge should have charged the whole doctrine, but he omitted to tell the jury that negligence on the part of the plaintiff, to be considered contributory, must be the immediate and co-operative cause of the injury complained of. We

do not see how the omission complained of could affect the case, but it is enough to say there was no request to charge, and, so far as we can discover from the "Case," the alleged omission was in no way brought to the attention of the judge at the trial. In such case a mere omission to charge cannot be considered error. *Sullivan* v. *Jones,* 14 *S. C.* 365; *Hogg* v. *Pinckney,* 16 *S. C.* 387.

The first exception complains that the judge not only charged upon the subject of contributory negligence, but commented on the evidence, and, in doing so, exceeded his constitutional powers in saying, " Would a prudent man have driven his mule across the bridge with two ladies in his buggy, with that sign staring him in the face? Would a man of ordinary prudence have driven or led, as Mr. Brazeale did?" In order to make his charge intelligible, it is necessary for a Circuit judge, in charging the jury, to make some reference to the facts of the case; but it is extremely difficult, if not impossible, to define with precision the extent to which he may go. We do not see that the interrogatories of the judge in this case were stronger than those put by the judge in *Lynn* v. *Thomson,* 17 *S. C.* 137, in reference to which the chief justice said: " It is difficult to lay down an inflexible rule, by the application of which it can be determined in any case whether section 26, article IV. of the constitution, has been violated. A clear violation is where the judge decides a question of fact about which there is dispute, and so instructs the jury; but where there is no dispute as to the immediate fact testified to, and the question is as to the effect of such fact, it being susceptible of one or more inferences, we do not see that it would be an invasion of the province of the jury for the judge to point out to them the different conclusions which may be drawn, and the circumstances which might incline them to believe the one or the other, reserving his own opinion. We do not know, nor can we say, that the presiding judge in this case intended to do more than this by the question which he propounded to the jury," &c.

The judgment of this court is that the judgment of the Circuit Court be affirmed.